FILED

UNITED STATES COURT OF APPEALS

DEC 22 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 4041, in its individual capacity and its representative capacity on behalf of its members; RANDY LEE COOK,<br><br>        Plaintiffs,<br><br> and<br><br>ROBERT LEE BIANCHI,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>STATE OF NEVADA, ex rel its Department of Corrections; HOWARD SKOLNIK, individually and in his official capacity as Director of the Nevada Department of Corrections; CARLA CREVLING, individually and in her capacity as Personnel Officer of the Nevada Department of Corrections; PAT CONMAY, individually and in his official capacity as Inspector General for the Nevada Department of Corrections; WILLIAM DONAT, individually and in his official capacity as Warden for the Nevada State Prison,<br><br>        Defendants - Appellees. | No. 10-17046<br><br>D.C. No. 3:09-cv-00235-LRH-RAM<br>District of Nevada,<br>Reno<br><br><br>ORDER |

Before:   HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Appellant Bianchi's Petition for Panel Re-hearing, filed on December 15, 2011, is granted in part, without further oral argument.

The Memorandum disposition, filed on December 5, 2011, is amended per the Amended Memorandum filed concurrently with this Order.

No subsequent petitions for rehearing or rehearing en banc will be accepted for filing.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 4041, in its individual capacity and its representative capacity on behalf of its members; RANDY LEE COOK, <br><br> Plaintiffs, <br><br> and <br><br> ROBERT LEE BIANCHI, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF NEVADA, ex rel its Department of Corrections; HOWARD SKOLNIK, individually and in his official capacity as Director of the Nevada Department of Corrections; CARLA CREVLING, individually and in her capacity as Personnel Officer of the Nevada Department of Corrections; PAT CONMAY, individually and in his official capacity as Inspector General for the Nevada Department of Corrections; | No. 10-17046 <br><br> D.C. No. 3:09-cv-00235-LRH-RAM <br><br><br> AMENDED MEMORANDUM[*] |

_____

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WILLIAM DONAT, individually and in
his official capacity as Warden for the
Nevada State Prison,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 16, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Robert Bianchi ("Bianchi"), a lieutenant at the Nevada State Prison with the Nevada Department of Corrections ("NDOC"), appeals the summary judgment dismissal of his § 1983 action, alleging that he was retaliated against by the NDOC in violation of his First Amendment rights. We have jurisdiction under 28 U.S.C. §1291, and affirm.

Bianchi contends that NDOC demoted him in retaliation for his involvement in a no-confidence petition regarding the Assistant Warden of Operations, Walter Donat, and issued him a letter of reprimand in retaliation for testifying regarding the petition at a trial. However, Bianchi successfully appealed each disciplinary action,

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

was reinstated to his former rank as a lieutenant, and the letter of reprimand was removed from his file. NDOC alleges that it had legitimate reasons for reprimanding Bianchi: he had failed to report on or properly supervise a misbehaving subordinate, and had misused a sick day and had given misleading statements about it.

Reviewing the grant of summary judgment de novo, we conclude Bianchi has not provided evidence sufficient to show any genuine issue of material fact. Retaliation claims against government employers must be supported by proof that protected speech was a "substantial or motivating factor in the adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009). To do so, a plaintiff must first present evidence the defendant had knowledge of the plaintiff's protected speech. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 928 (9th Cir. 2004) (citing *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750-52 (9th Cir. 2001)). Bianchi relies on allegations in his complaint as well as in his affidavit—conclusory, self-serving, and lacking any supporting evidence—which fail to establish a genuine issue of material fact on summary judgment review. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (citations omitted).

**AFFIRMED.**